IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RANCE M. STRUNK, SR., et al., | : | CIVIL ACTION |
| Plaintiffs | : | |
| | : | |
| vs. | : | NO.  14-5325 |
| | : | |
| WELLS FARGO BANK, N.A., et al., | : | |
| Defendants | : | |

**M E M O R A N D U M**

STENGEL, J.                                                     November 3, 2014

This is the fourth *pro se* complaint brought by the plaintiffs based on an October 28, 2011 mortgage foreclosure proceeding filed against them by Wells Fargo Bank.  I dismissed the previous three complaints, twice with prejudice.  See Yoder,[1] et al. v. Wells Fargo Home Mortgage, 11-cv-7503, 2012 U.S. Dist. LEXIS 177913 (E.D. Pa. December 17, 2012), see Document #13 (dismissing complaint without prejudice and granting leave to file an amended complaint), and see Document #30 (dismissing first amended complaint *with* prejudice); see also Yoder, et al. v. Wells Fargo Bank, N.A., et al., 13-cv-1377, 2013 U.S. Dist. LEXIS 146545 (E.D. Pa. October 9, 2013) (dismissing complaint *with* prejudice).  The Court of Appeals for the Third Circuit affirmed the dismissal, finding that the plaintiffs had "not set forth a set of facts that state a claim that is plausible on its face."  Yoder, et al. v. Wells Fargo Bank, N.A., et al., 566 F.App'x 138, 141 (3d

---

[1]  Cynthia Yoder is the daughter of the plaintiffs to whom they granted a power of attorney. Although not a party in the mortgage foreclosure proceeding, Ms. Yoder included herself as a plaintiff in the previous two actions in an attempt to represent her parents in federal court.  As the Court of Appeals noted, "whatever [Ms. Yoder] is authorized to do by the granted power of attorney, she is not authorized to represent them in federal court."  Yoder, 566 F.App'x at 142.

Cir. 2014).  Notwithstanding those dismissals and the appellate court's affirmance, the

plaintiffs have boldly returned to this court alleging the same claims against Wells Fargo,

two law firms, and three attorneys which the plaintiffs had alleged in previous

complaints.  The claims include breach of contract; mortgage violations; violations of,

*inter alia*, the United States Constitution, the Pennsylvania Constitution, the Americans

with Disabilities Act, the Federal Crimes Act, the Truth-in-Lending Act, and the Real

Estate Settlement Procedures Act; and several other state torts and state crimes.

Defendant Wells Fargo and co-defendants Stevens & Lee, Stacey Scrivani, and

Craig A. Hirneisen filed a motion to dismiss the complaint.  See Document #5.  Co-

defendants Phelan, Hallinan, & Schmieg and Jenine Rebecca Davey filed a separate

motion to dismiss and joined in their co-defendants' motion to dismiss.  See Document

#6.  The plaintiffs filed a response in opposition.  For the following reasons, I will grant

the motions in their entirety.

## I.  BACKGROUND[2]

As with the previous complaints, the fourth complaint is very difficult to decipher.

In fact, the complaint is almost unintelligible and fails to show with any specific facts that

the plaintiffs are entitled to relief.  One thing is clear, however.  The complaint is again

based on the foreclosure of the plaintiffs' mortgage.  As a review of the following actions

---

[2] The facts are gleaned from the complaint and the extrinsic documents upon which it is based. See GSC Partners, CDO Fund v. Washington, 368 F.3d 228, 236 (3d Cir. 2004).  For the purposes of this motion, they are presented in the light most favorable to the plaintiffs, as the non-moving parties, and are accepted as true with all reasonable inferences drawn in their favor.

reveals, the plaintiffs have had numerous opportunities to state a cognizable claim against the defendants, yet with no success.

### A. Previous Actions

#### 1. The 2011 Action

On November 7, 2011, relying on a Power of Attorney, Ms. Yoder initiated a *pro se* action against Wells Fargo Home Mortgage, an unincorporated division of Wells Fargo, by filing a complaint on behalf of her parents in the Court of Common Pleas of Chester County, Pennsylvania.  Although separate from the proceeding brought by Wells Fargo on October 28, 2011, the new case raised the same claims related to the mortgage transaction that was the subject of the foreclosure action.  On December 7, 2011, Wells Fargo removed the 2011 action to federal court.

On December 13, 2011, Wells Fargo filed a motion to dismiss the complaint.  On March 7, 2012, I granted the motion, but granted the plaintiffs leave to file an amended complaint if they could "do so in good faith and in accordance with Rules 8 and 10 of the Federal Rules of Civil Procedure."  On April 12, 2012, the plaintiffs filed an amended complaint.  Two weeks later, Wells Fargo filed a motion to dismiss the amended complaint, which was granted with prejudice on December 17, 2012.  The plaintiffs chose not to appeal the dismissal.

#### 2. The Magisterial District Justice Action

On February 17, 2012, Ms. Yoder initiated an action in Magisterial District Court (No. MDJ-23-1-0 1), in Berks County, Pennsylvania against Defendants Stacey Scrivani and Stevens & Lee, purporting to assert various violations of criminal statutes in

connection with their representation of Wells Fargo.  The 2012 Action was terminated on

May 18, 2012, when the Magisterial District Court entered judgment in favor of the

defendants.  There was no appeal filed.

       3.   <u>The 2013 Action</u>

On February 15, 2013, the Strunks and Ms. Yoder initiated another action by filing

a complaint in the Court of Common Pleas of Chester County against Wells Fargo,

Stevens & Lee, and Ms. Scrivani, and also included Phelan Hallinan & Schmieg, LLP,

Jenine Rebecca Davey, and Titacium Solutions, Inc.  On March 15, 2013, the case was

removed to federal court.

On March 22, 2013, the defendants filed two separate motions to dismiss the

complaint.  I granted the motions to dismiss with prejudice on October 9, 2013,

explaining, "After the most liberal review of the complaint, I cannot identify a plausible

claim for relief."  <u>Yoder, et al. v. Wells Fargo Bank, N.A., et al.</u>, 2013 U.S. Dist. LEXIS

146545, *6 (E.D. Pa. October 9, 2013).  I dismissed the complaint with prejudice because

despite "three attempts to draft a complaint which states a plausible claim for relief,

plaintiffs' current version is incoherent and unintelligible."  <u>Id.</u> at *8.  I also found that

the plaintiffs "have developed a pattern of filing frivolous complaints, ignoring the rules

of procedure, and disrespecting this court's Orders."  <u>Id.</u>  Finally, I found that the

plaintiffs' claims were barred by the doctrine of *res judicata* because of the previous final

judgments in this court and in the state court.  <u>Id.</u> at *9.

On November 1, 2013, the plaintiffs appealed the dismissal of their complaint to the Court of Appeals for the Third Circuit.  On May 9, 2014, the court affirmed, and the plaintiffs' subsequent request for a rehearing *en banc* was denied.

### 4.  The Bankruptcy Action

On October 15, 2013, Mr. Strunk filed for bankruptcy shortly before a scheduled sheriff's sale of his foreclosed property.  See In re: Rance M. Strunk, Sr., No. 13-19001.  On June 26, 2014, the Bankruptcy Court granted Wells Fargo relief from the automatic stay with respect to the property that was the subject of the foreclosure.  On July 31, 2014, the bankruptcy action was dismissed "for failure to make plan payments."

## B.  The Current Action

On August 29, 2014, the plaintiffs initiated this third action by filing their fourth complaint in the Court of Common Pleas of Chester County.  The defendants timely removed the case to federal court.  The complaint stems from the same mortgage transaction that was the subject of the foreclosure action, and which formed the basis for the 2011 action, the Magisterial District Justice action, and the 2013 action.  The complaint alleges that the plaintiffs entered into a trial loan modification with Defendant Wells Fargo in December 2009, and that Wells Fargo breached the loan modification agreement.  The plaintiffs seek punitive and compensatory damages in excess of $3 million, including fines and penalties, and disciplinary actions for all defendants.

## II.  STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted examines the sufficiency of

the complaint.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  Following the Supreme

Court decisions in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) and

Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009), pleadings standards in federal actions have

shifted from simple notice pleading to a more heightened form of pleading, requiring a

plaintiff to plead more than the possibility of relief to survive a motion to dismiss under

Fed. R. Civ. P.12(b)(6).  Fowler v. UPMC Shadyside, 578 F.3d 203, 210-211 (3d Cir.

2009); see also Phillips v. County of Allegheny, 515 F. 3d 224, 230 (3d Cir. 2008).

Therefore, when presented with a motion to dismiss for failure to state a claim,

district courts should conduct a two-part analysis.  First, the factual and legal elements of

a claim should be separated.  The court must accept all of the complaint's well-pleaded

facts as true but may disregard legal conclusions.  Iqbal, 556 U.S. at 679.  Second, a

district court must determine whether the facts alleged in the complaint are sufficient to

show that the plaintiff has a "plausible claim for relief."  Id.  In other words, a complaint

must do more than allege the plaintiff's entitlement to relief.  A complaint has to "show"

such an entitlement with its facts.  Id.; see also Phillips, 515 F.3d at 234-235.  "Where the

well-pleaded facts do not permit the court to infer more than the mere possibility of

misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is

entitled to relief.'"  Iqbal, 556 U.S. at 679.

When presented with a *pro se* complaint, the court should construe the complaint

liberally and apply the applicable law, irrespective of whether the *pro se* litigant has

mentioned it by name.  Dluhos v. Strasberg, et al., 321 F.3d 365, 369 (3d Cir. 2003).

Such a complaint "must be held to less stringent standards than formal pleadings drafted by lawyers."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).

## III.  DISCUSSION

### A.  Rule 8 of the Federal Rules of Civil Procedure

The plaintiffs' fourth complaint does not satisfy Rule 8 of the Federal Rules of Civil Procedure, and thus cannot survive this motion to dismiss for failure to state a claim under Rule 12(b)(6).  Under Rule 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  As the Supreme Court held in Twombly, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."  Id. at 557.

In order to comply with Rule 8, then, a complaint must contain at least a modicum of factual specificity, identifying the particular conduct of the defendant that is alleged to have harmed the plaintiff, so that the court can determine that the complaint is not frivolous and a defendant has adequate notice to frame an answer.  Frazier v. Southeastern Pennsylvania Transp. Auth., 785 F.2d 65, 68 (3d Cir. 1986).

### 1. Five of the Six Defendants

Initially, I note that the complaint does not contain a single factual allegation against five of the six named defendants. Defendant Stevens & Lee, Defendant Scrivani, Defendant Hirneisen, Defendant Phelan, Hallinan & Schmieg, and Defendant Davey are mentioned in the caption of the complaint only, without the required "short and plain statement" showing how the conduct of a particular defendant entitled the plaintiffs to the relief they seek. Listing the defendants without more is woefully insufficient. Accordingly, I will grant the motions to dismiss as to these five defendants.

### 2. Defendant Wells Fargo Bank

The scant allegations that are included in the complaint against Defendant Wells Fargo are vague and unspecific. For example, the complaint alleges that Wells Fargo "committed mortgage violations," with no explanation or specifics provided. There are also no facts alleged to support a conclusion that Wells Fargo breached the agreement. Further, the complaint includes a list of various purported causes of action and crimes without identifying how the conduct of Wells Fargo or any of the defendants supports any of the claims. For example, the plaintiffs bring a claim for a violation of "Section 1983," but fail to allege how any of the defendants could be viewed as a state actor, a necessary element for 42 U.S.C. § 1983 claims. Equally lacking from the complaint are the barest of allegations as to how Wells Fargo or any of the defendants could be liable for any of the numerous claims that are identified only by either name or statutory citation in the complaint. There is no specific action or inaction by the defendants that could support one of the alleged claims. Rather than provide a short and plain statement

of their claims as required, the plaintiffs have elected to provide only a recitation of purported claims and statutes.

Accordingly, because it is crucial that a claim show entitlement to relief with facts, rather than blanket assertions, and the plaintiffs have failed to do so, I must also grant Defendant Wells Fargo's motion to dismiss.

## B. *Res Judicata*

In the alternative, even if the complaint had sufficiently pled claims against these defendants, the claims would have been barred by the doctrine of *res judicata*. "[A] final, valid judgment on the merits by a court of competent jurisdiction precludes any future suit between the parties or their privies on the same cause of action. Balent v. City of Wilkes-Barre, 669 A.2d 309, 313 (Pa. 1995) (citing Allen v. McCurry, 449 U.S. 90, 94 (1980)). "*Res judicata* applies not only to claims actually litigated, but also to claims which could have been litigated during the first proceeding if they were part of the same cause of action." Id. The dismissal of the 2011 and the 2013 actions in this court operates as a judgment on the merits and precludes the plaintiffs from filing any further complaints against these defendants based on the foreclosure of the plaintiffs' property. See FED.R.CIV.P. 41(b). Future complaints against Defendant Wells Fargo would also be barred by the adjudication of the foreclosure action in Chester County. Moncrief v. Chase Manhattan Mortgage Corp., et al., 275 F.App'x 149, 153 (3d Cir. 2008) ("Federal courts are required to give state court judgments the same preclusive effect that the issuing state courts would give them.") Finally, the plaintiffs' claims against Stevens & Lee and Ms. Scrivani would have also been precluded by the adjudication of the

complaint filed against them by the plaintiffs on February 17, 2012 in Berks County. Because of the valid, final judgments in the previous actions, the plaintiffs cannot now assert any claims that were decided or could have been decided in those actions, including those challenging the validity of the mortgage and the mortgage debt.

Accordingly, all of the plaintiffs' claims against these defendants would have been barred by the doctrine of *res judicata* to the extent they were either raised or could have been raised in previous litigation brought by the plaintiffs:

### C.  Futility of Amending the Complaint

While *pro se* plaintiffs should be afforded an opportunity to amend their complaint before the complaint is dismissed with prejudice, I believe granting the plaintiffs leave to amend another time would be futile.  First, any claims related to the foreclosure proceeding are precluded, and an amendment would be futile.  Second, after four attempts to draft a complaint which states a plausible claim for relief, the plaintiffs' current version is still insufficient.  There is no reason to believe that the plaintiffs would file a meritorious complaint if given leave to amend.  Thus, an amended complaint would be a waste of judicial resources and unfair to the defendants.  No amendment will be permitted.  I will dismiss this case with prejudice.

### D.  Sanctions

The defendants request that the plaintiffs be sanctioned both monetarily and by prohibiting the plaintiffs from further filings in this court absent court approval.  While I agree that with each complaint, the defendants have had to expend time and resources unnecessarily, I must acknowledge that the plaintiffs may have misinterpreted an Order

of the Honorable Jean K. Fitzsimon, United States Bankruptcy Judge, dated July 31, 2014. See Compl. Exh. E. In her Order dismissing the bankruptcy case, Judge Fitzsimon included the following sentence: "Debtor is free to proceed against Wells Fargo in state court effective immediately." Id. The plaintiffs mistakenly refer to the Order at various times as support for their allegations of wrongdoing by the defendants. For example, in their response to the motion to dismiss, the plaintiffs begin by indicating that they oppose the motion to dismiss because they were "following the Order from the United States Bankruptcy Court in Philadelphia, Pennsylvania." See Document #8 at 2. Later, the plaintiffs claim, "It appears that the Defendants have no respect for the Order issued by the United States Bankruptcy Court, Philadelphia, Pennsylvania." Id. at 4. The plaintiffs then accuse the defendants of "totally ignor[ing] the Order from the Bankruptcy Court," by moving to dismiss the complaint. Id. at 12. They also claim, "and the very fact that even with an Order from a Judge the Defendants still continue to want to 'steal' the *pro se* Plaintiffs' property." Id. Finally, the plaintiffs conclude by requesting that I dismiss the defendants' motion and remand their action "to the Court of Common Pleas of Chester County *as per the Order of the United States Bankruptcy Court of Pennsylvania, Pennsylvania.*" Id. at 16 (emphasis added).

It appears that the plaintiffs view Judge Fitzsimon's Order as more than an indication that an impediment to filing suit had been cleared. The Order neither expresses an opinion on the merits of a potential suit against the defendants nor commands that the potential suit remain in state court even where the timely removal of

such an action is warranted.  It further cannot be viewed as eliminating the procedural bars placed on further filing by the doctrine of *res judicata*.

I understand the defendants' frustration in having to defend themselves against claims they deem frivolous or unartfully pled.  The plaintiffs' frustration, however, is just as palpable.  The plaintiffs are a married couple of advanced age who have lost their home through a mortgage foreclosure.  They have bravely and continually sought redress apparently without the benefit of legal counsel.  While I admire their determination, I am constrained by the Federal Rules of Civil Procedure and our case law to deny them relief.  Nevertheless, I will not add to their frustration by sanctioning them monetarily or otherwise.

An appropriate Order follows.